UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STATE EX REL PAUL A. ADAMS, CIVIL NO. 00-1968 (PAM/JMM)

Plaintiff,

v. REPORT AND RECOMMENDATION

STATE OF WISCONSIN,
WASHINGTON COUNTY CIRCUIT COURT,

Defendant.

Plaintiff has filed a pleading entitled "Petition For Writ Of Mandamus," by which he seeks to compel the Circuit Court for Washington County, Wisconsin, to provide him with certain court documents. Plaintiff did not pay the full $150 filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) for initial screening of Plaintiff's pleading, pursuant to 28 U.S.C. § 1915A(a). For the reasons discussed below, it will be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

Plaintiff is a prisoner of the State of Wisconsin who is currently incarcerated at the Prairie Correctional Facility ("PCF") in Appleton, Minnesota. He apparently is serving a sentence imposed by the state circuit court for Washington County, Wisconsin. Plaintiff is presently seeking a writ of mandamus from this District Court that would compel the Washington County Circuit Court to provide him with certain court documents relating

FILED AUG 31 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to his criminal case. He alleges that he is legally entitled to the documents he is seeking, and that his formal requests for such documents have not been honored by the Washington County Circuit Court. Thus, he is now seeking a federal court order that would compel the Wisconsin state court to provide him with the documents that he has been requesting. Plaintiff is also asking for compensatory and punitive damages.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a governmental entity, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, or if the named Defendant is immune from suit, the action must be dismissed. 28 U.S.C. § 1915A(b)(1),(2). The Court concludes that the present action must be summarily dismissed pursuant to § 1915A(b), because Plaintiff has not stated a cognizable claim, and because Defendant is immune.

### A. Mandamus Relief Is Not Available

The federal statute giving federal district courts the authority to issue writs of mandamus, 28 U.S.C. § 1361, provides as follows:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty

owed to the plaintiff." (Emphasis added.)

The highlighted portion of the statute shows that federal district courts can issue writs of mandamus only to federal agents and agencies. A federal court has no legal authority to enter a writ of mandamus directed to a state court. Middlebrooks v. Thirteenth Judicial District Circuit Court, Union County, 323 F.2d 485, 486 (8th Cir. 1963) (per curiam). Therefore, Plaintiff's current petition for a writ of mandamus to be directed to the State Circuit Court for Washington County, Wisconsin, seeks a remedy that is not available here. In short, his pleading fails to state an actionable claim for relief.

B. State Court Is Immune Under The Eleventh Amendment

States and their agencies are immune from suit in federal court under the Eleventh Amendment, unless the state has consented to being sued, Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).

The Defendant in this case, the Circuit Court for Washington County, Wisconsin, is a state agency. Committee to Retain Judge Byers v. Elections Bd., 95 Wis.2d 632, 634, 638-39 (Wis.App. 1980) (under the Wisconsin constitution, Wisconsin circuit courts are components of the state's unified court system comprising the judicial branch of government). Indeed, the caption of Plaintiff's pleading identifies the named "Respondent" as "State of Wisconsin, Washington Co." There is no reason to believe that the Washington County Circuit Court has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate the State Circuit Court's

immunity. Therefore, Plaintiff's action is barred by the Eleventh Amendment. See Reiff v. Philadelphia County Court of Common Pleas, 827 F.Supp. 319, 322-23 (E.D.Pa. 1993) (Pennsylvania county court is an "arm of the state" and therefore immune from suit in federal court under the Eleventh Amendment).

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and (2). It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[1] He has paid only $20.58, so he still owes $129.42. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action shall count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

---

[1] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2) be **DENIED**;

2. The action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2);

3. Plaintiff shall be required to pay the unpaid balance of the Court filing fee, namely $129.42, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: August 21, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before September 15, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.